IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KONIAG, INC., an Alaska Corporation, and MICHAEL P. O'CONNELL, an individual,<br><br>                      Plaintiffs,<br>     v.<br><br>KURT KANAM, individually and as Tribal Attorney for the Native Village of Karluk, and ORBIE MULLINS, individually and as Village of Karluk Tribal Court Judge for the Karluk Tribal Court for the Native Village of Karluk,<br><br>                      Defendants. | <br><br><br><br><br><br><br><br><br><br><br>Case No. 3:12-cv-00077-SLG |

## DECISION AND ORDER GRANTING PRELIMINARY INJUNCTION

Koniag, Inc. instituted this action on April 9, 2012.[1] That same day, Koniag filed a Motion for a Temporary Restraining Order and Preliminary Injunction.[2] Koniag seeks an order that would enjoin the tribal attorney and judge of the Karluk Tribal Court from proceeding in the tribal court against Koniag and from attempting or threatening to record or enforce any order or judgment of the Karluk Tribal Court against Koniag. Koniag appended to its motion a number of Karluk Tribal Court documents, including a document entitled Original Complaint for Declaratory Judgment that was filed in the Karluk Tribal Court case entitled *The Native Village of Karluk, Plaintiff, v. Koniag*

---

[1] Compls. (Docket 1, Docket 2).

[2] Docket 5.

*Corporation, Defendant*, Cause No. 3-19-12-1.[3] In that case, the Native Village of Karluk seeks an order from the tribal court that its voting members be "de-merged" from the Koniag Corporation. The Native Village of Karluk maintains that it is entitled to "the same awards as the other parties who were fraudulently misled" by the Koniag Corporation in a 1984 state court proceeding.[4]

On April 11, 2012, this court entered an order denying Koniag's request for a temporary restraining order.[5] This court found then that Koniag had not demonstrated that any harm it may incur if the tribal court were to exceed its jurisdiction "is of such a degree and immediacy so as to warrant the entry of a temporary restraining order."[6] And this court expressly noted that Koniag could elect to enter a special appearance in the tribal court solely to contest that court's jurisdiction.[7]

Later that same day, on April 11, 2012, Koniag filed an Amended Complaint that added Michael P. O'Connell as a plaintiff.[8] Mr. O'Connell is an attorney at the law firm that represents Koniag.[9] Mr. O'Connell was added as a plaintiff in this case based on allegations that on April 9, 2012, the Native Village of Karluk had filed a second lawsuit in the Karluk Tribal Court. Mr. O'Connell was named as a defendant in that case, along

---

[3] Docket 9-1.

[4] *Id.*

[5] Order Denying Mot. for TRO (Docket 12).

[6] *Id.* at 2.

[7] *Id.* at 2, n.4.

[8] Docket 13.

[9] *See* Letter of Apr. 5, 2012, Ex. C to Decl. of Michael O'Connell (Docket 8-3).

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 2 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 2 of 16

with a number of state bar associations.[10] In that second tribal court action, the Native Village of Karluk seeks a declaration that an April 5, 2012 letter that Mr. O'Connell wrote to Judge Orbie Mullins of the Karluk Tribal Court constituted the "intentional intimidation of a judge."[11]

On April 17, 2012, the plaintiffs filed a Second Motion for Preliminary Injunction in this case.[12] The motion sought to obtain the same preliminary injunctive relief for Mr. O'Connell as Koniag had sought in its initial Motion for Preliminary Injunction. Among the attachments to that motion was a copy of a special limited entry of appearance by attorney Stephen Kelly in the Karluk Tribal Court on behalf of Koniag, and a motion to dismiss the tribal court case filed by Koniag.[13] Mr. Kelly is another attorney at the firm that represents Koniag in this action.

On April 25, 2012, Judge Mullins filed a response to the plaintiffs' motions in this court and a Motion for Enlargement of Time.[14] He maintained that Koniag had consented to the tribal court's jurisdiction since it had entered an appearance in the tribal court with the motion to dismiss that it had filed there.[15] And he asserted that Mr.

---

[10] Summons in *Native Village of Karluk v. Michael P. O'Connell, et al.,* Karluk Tribal Court Cause No. 4-09-12-1 (Docket 14-1).

[11] *Id.* at 9.

[12] Docket 17.

[13] Ex. D to Decl. of John Evans at 1-6 and 47-63 (Docket 20-4).

[14] Opp. Re Second Mot. for Prelim. Inj. and Mot. for Enlargement of Time (Docket 23) (duplicative filing at docket 22) [hereinafter Opp. and Mot. for Enlargement].

[15] *Id.* at 3. Judge Mullins' assertion that the special limited entries of appearance, done after this court's suggestion in the Order Denying Temporary Restraining Order, operated to confer tribal court jurisdiction over Koniag and Mr. O'Connell is at odds with the express limitations set

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 3 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 3 of 16

O'Connell's letter to the tribe resulted in conferring tribal court jurisdiction over him.[16] Finally, Judge Mullins requested that this federal case be deferred pending the tribal court's determinations in *The Native Village of Karluk, Plaintiff, v. Koniag Corporation, Defendant*.[17] Included in the attachments to Judge Mullins' filing is an order from the tribal court dated April 17, 2012 that accords to the Native Village of Karluk an unspecified amount of time within which it may respond to the motion to dismiss that Koniag had filed in that tribal court case.[18]

On May 3, 2012, the plaintiffs in this action filed their reply to Judge Mullins' opposition to the plaintiffs' motions for injunctive relief, as well as their opposition to Judge Mullins' motion for an extension of time.[19] The plaintiffs noted that Judge Mullins' motion was in effect a request to stay this court's proceedings until the tribal court proceedings were concluded. The plaintiffs asserted that request should be denied

---

forth in each entry of appearance, and inconsistent with the requirements of procedural Due Process. It is also inconsistent with Rule 12(b) of the Federal Rules of Civil Procedure, which the Karluk Tribal Court has indicated it has adopted for the cases before it. *See* Resp. to Bar Appl. at 2, Ex. A-2 to Decl. of John R. Evans (Docket 9-2). *See also MacArthur v. San Juan County*, 309 F.3d 1216, 1224-1225 (10th Cir. 2002) (when attorney became a member of Navajo Nation Bar Association, he did not enter into a consensual relationship with the Navajo Nation so as to confer tribal court jurisdiction over him). Even if the special limited appearances sufficed to confer *personal* jurisdiction over Koniag and Mr. O'Connell, they would not suffice to confer *subject matter* jurisdiction over them, which is the relevant analysis at this time. *See Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802, 809 (9th Cir. 2011) ("To exercise its inherent civil authority over a defendant, a tribal court must have both subject matter jurisdiction—consisting of regulatory and adjudicative jurisdiction—and personal jurisdiction.").

[16] Opp. and Mot. for Enlargement at 3 (Docket 23).

[17] *Id.*

[18] Ex. B to Opp. and Mot. for Enlargement (Docket 23-2).

[19] Reply to Opp. Re Second Mot. for Prelim. Inj (Docket 24); Opp. to Mot. for Enlargement (Docket 25).

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 4 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 4 of 16

because "there is no possible basis for Tribal Court jurisdiction over non-members Koniag and O'Connell."[20] Included with this filing were copies of a motion for special and limited appearance and a motion to dismiss for lack of jurisdiction that attorney Stephen Kelly had filed on April 26, 2012 in the second tribal court case, *The Native Village of Karluk v. Michael P. O'Connell, et al.*, Cause No. 4-09-12-1, on behalf of Mr. O'Connell.[21]

On May 21, 2012, defendant Kurt Kanam filed a response to the plaintiffs' motions for injunctive relief in this action, together with an affidavit in support of a motion for dismissal.[22] Mr. Kanam asserted that this federal action should be dismissed because the concerns that Koniag and Mr. O'Connell had raised about the tribal court proceedings had now been addressed through a First Amended Complaint that the Native Village of Karluk Corporation had filed in the tribal court.[23] Mr. Kanam indicated that the First Amended Complaint in the tribal court case lists all of the voting shareholders of the Native Village of Karluk Corporation as plaintiffs.[24] And he asserted that Koniag had entered into a consensual relationship with Karluk, referring to 1980 Articles of Merger that he appended to his filing.[25] Mr. Kanam also asserted that Mr.

---

[20] Opp. to Mot. for Enlargement at 2 (Docket 25).

[21] Ex. B to Decl. of John Evans (Docket 26-2); Ex. E to Decl. of John Evans (Docket 26-5).

[22] Resp. to Pl.'s Inj. and Aff. in Supp. for Mot. for Dismissal (Docket 28).

[23] *Id.* at 3.

[24] First Am. Compl., Karluk Tribal Court Cause No. 3-19-12-1, Ex. A to Resp. to Pl.'s Inj. and Aff. in Supp. for Mot. for Dismissal (Docket 28-1).

[25] Articles of Merger, Ex. D to Resp. to Pl.'s Inj. and Aff. in Supp. for Mot. for Dismissal (Docket 28-4).

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 5 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 5 of 16

"O'Connell is not under any indictment or subject to any sanctions from the Native Village of Karluk tribal court," such that Mr. O'Connell's federal claims should also be dismissed.[26] Mr. Kanam included copies of two orders issued by the Karluk Tribal Court dated May 14, 2012, one in each of the two pending actions in that court. In the *Koniag* case, the tribal court ordered Koniag to "to show cause by June 15, 2012. . . why this court does not have jurisdiction" to grant the relief requested by the Native Village of Karluk,[27] and in the *O'Connell* case, the tribal court ordered Mr. O'Connell to show cause "why this court should not grant Plaintiff's requested relief."[28]

On May 25, 2012, the plaintiffs filed their reply to Mr. Kanam's opposition, and maintained their requests for injunctive relief.[29] They asserted that the 1980 Articles of Merger that Mr. Kanam had appended to his May 21, 2012 filing were between Koniag and the Karluk Native Corporation—and not with the Native Village of Karluk.[30] They also asserted that the addition of the shareholders of the Native Village of Karluk as parties in the tribal court proceedings did not operate to confer tribal court jurisdiction, particularly since none of these added parties were parties to the 1980 merger.[31] The

---

[26] Resp. to Pl.'s Inj. and Aff. in Supp. for Mot. for Dismissal at 4 (Docket 28).

[27] Order to Show Cause at 2, Ex. D to Resp. to Pl.'s Inj. and Aff. in Supp. for Mot. for Dismissal (Docket 28-4 at 12).

[28] Order Granting Defs. Add'l Time to Answer at 2, Karluk Tribal Court Cause No. 4-09-12-1, Ex. A to Resp. to Pl.'s Inj. and Aff. in Supp. for Mot. for Dismissal (Docket 28-1 at 10).

[29] Reply to Resp. to Second Mot. for Prelim. Inj. (Docket 29).

[30] *Id.* at 2.

[31] *Id.* at 2.

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 6 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 6 of 16

plaintiffs also disagreed with Mr. Kanam's assertion that this action is moot, maintaining that there exists a "live dispute between the parties" that necessitates a ruling.[32]

To date, neither defendant has filed an answer in this case, and no party has filed any copies of Karluk Tribal Court documents since May 21, 2012.

## I. This Court's Subject Matter Jurisdiction.

This court has previously stated, and again holds, that it is well established that the district court has the authority to determine whether a tribal court has exceeded the lawful limits of its jurisdiction.[33]

## II. Standard for Preliminary Injunctive Relief.

A party seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[34] "Under the 'sliding scale' approach to preliminary injunctions observed in [the Ninth Circuit], 'the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another.'"[35] But in any event, even with the sliding scale approach, "plaintiffs must

---

[32] *Id.* at 4.

[33] *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 324 (2008) ("whether a tribal court has adjudicative authority over nonmembers is a federal question") (citing *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 15 (1987); *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 852-53 (1985)). *See also* Order Denying TRO and Mot. for Hearing on Shortened Time at 2 (Docket 12).

[34] *Sierra Forest Legacy v. Ray*, 577 P.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)).

[35] *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012).

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 7 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 7 of 16

establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."[36]

For purposes of the preliminary injunction motions before this court, the first question is whether the Karluk Tribal Court has a colorable claim of tribal court jurisdiction over Koniag and Mr. O'Connell, non-members of its tribe.[37] For if no such colorable claim exists, then the defendants are likely to succeed on the merits of their claim for permanent injunctive relief from this court, such that preliminary injunctive relief may be warranted at this time.

### III. The Scope of the Tribal Court's Jurisdiction.

#### A. Tribal Court Jurisdiction Generally.

It is well-settled that Indian tribes are "distinct, independent political communities" . . . qualified to exercise many of the powers and prerogatives of self-government[.]"[38] But the sovereignty of Indian tribes, centering as it does on lands held by the tribe and on tribal members, is "unique and limited[.]"[39] Tribes have authority to legislate and tax activities on tribal land, to determine tribal membership, to exclude outsiders from entering tribal land, and to regulate tribal members' domestic relations.[40]

---

[36] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

[37] *See Philip Morris USA, Inc. v. King Mountain Tobacco Co., Inc.*, 569 F.3d 932, 934 (9th Cir. 2009).

[38] *Plains Commerce*, 554 U.S. at 327 (citing *Worcester v. Georgia*, 6 Pet. 515, 559 (1832); *United States v. Wheeler*, 435 U.S. 313, 322–323 (1978)).

[39] *Id.*

[40] *Id.*

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 8 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 8 of 16

In *Montana v. United States*,[41] the United States Supreme Court established the "general proposition that the inherent sovereign powers of an Indian tribe do not extend to the activities of non-members of the tribe[.]"[42] Only under limited circumstances can tribes exercise jurisdiction over non-members. In *Montana*, the Court recognized two circumstances in which tribes may exercise authority over non-members of the tribe:

> Indian tribes retain inherent sovereign power to exercise some form of civil jurisdiction over non-Indians *on their reservations*, even on non-Indian lands. A tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements . . , A tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within the reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe."[43]

But as the first sentence of the above quote makes clear, these *Montana* exceptions confer jurisdiction over non-Indians only with respect to activities on the Indian tribe's reservation, including land within reservation borders that has been sold in fee simple to non-Indian owners.[44]

---

[41] 450 U.S. 544 (1981).

[42] *Plains Commerce*, 554 U.S. at 330 (citing *Atkinson Trading Co., Inc. v. Shirley*, 532 U.S. 645, 651, 659 (2001)). *See also Big Horn County Elec. Co-op., Inc. v. Adams,* 219 F.3d 944, 951 (9th Cir. 2000) ("*Montana*'s main rule is that absent a treaty or a federal law, a tribe has no civil regulatory authority over tribal nonmembers.") (citing *Montana*, 450 U.S. at 564-65).

[43] *Montana,* 450 U.S. at 565 (citations omitted) (emphasis added).

[44] *Montana*, 450 U.S. at 565. Another source of authority over non-members is a tribe's inherent sovereign right to exclude non-members from its lands, which "necessarily includes the lesser authority to set conditions on their entry through regulations." *Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802, 811 (9th Cir. 2011).

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 9 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 9 of 16

**B. Tribal Court Jurisdiction in Alaska.**

The authority of most Alaska Native tribes is significantly more circumscribed than that of other tribes. The United States Supreme Court's decision in *Alaska v. Native Village of Venetie Tribal Government* held that the Alaska Native Claims Settlement Act of 1971 (ANCSA) extinguished "Indian country" in nearly all of Alaska.[45] As a result, territorial jurisdiction is not available to Alaska Native tribes on ANCSA lands.[46] Instead, the jurisdictional reach of Alaska Native tribal courts extends only to "their members and other internal affairs."[47]

Following *Venetie*, decisions of the Alaska Supreme Court have recognized the unique jurisdictional reach of Alaska Native tribal authority, and further refined the limits of that reach.[48] In *John v. Baker*, the Alaska Supreme Court explained:

> Because the traditional reservation-based structure of tribal life in most states forms the backdrop for the federal cases, courts have not had occasion to tease apart the ideas of land-based sovereignty and membership sovereignty. Consequently, the federal decisions do not conclusively answer the question of what

---

[45] 522 U.S. 520, 532 (1998) (holding that ANCSA lands are not "Indian country," as they do not satisfy the set-aside and federal superintendence requirements for "dependent Indian communities" under 18 U.S.C. § 1151). While there are exceptions to this general statement, such as the Metlakatla Indian Community on the Annette Island Reserve, those exceptions are very limited and not relevant to this case. *Id.* at 524. *See also* 18 U.S.C. § 1151; *Atkinson Trading Co.,* 532 U.S. at 653 n.5 (18 U.S.C. § 1151 definition of "Indian country" generally applies to civil as well as criminal jurisdiction) (citations omitted).

[46] *See* David Case, *Alaska Natives and American Laws* 399 (2d ed. 2002).

[47] *See id.* at 437.

[48] *See John v. Baker*, 982 P.2d 738, 751 (Alaska 1999) ("the [United States] Supreme Court has articulated a core set of sovereign powers that remain intact even though Indian nations are dependent under federal law; in particular, internal functions involving tribal membership and domestic affairs lie within a tribe's retained inherent sovereign powers.) (citing *Wheeler*, 435 U.S. at 326; *Montana*, 450 U.S. at 564).

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 10 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 10 of 16

happens when a law like ANCSA separates membership and land completely by allowing a federally recognized tribe to redefine its relationship to state and federal governments by eliminating the idea of Indian country.[49]

The Alaska Supreme Court rulings make clear that Alaska Native tribes have inherent sovereign jurisdiction to "adjudicate internal domestic matters, including child custody disputes over tribal children, from a source of sovereignty independent of the land they occupy."[50] But Alaska Native tribes such as the Native Village of Karluk do not have territorial jurisdiction, in light of the United States Supreme Court's holding in *Venetie* that by and large extinguished "Indian country" within Alaska.[51]

### C. The Native Village of Karluk Tribal Court Lacks Jurisdiction.

The Native Village of Karluk is a federally recognized Indian tribe in Alaska eligible to receive services from the United States Bureau of Indian Affairs.[52] It is not a village corporation established under ANCSA.[53] Koniag has asserted, and the Native Village of Karluk has not disputed, that the Old Karluk Reservation was revoked by ANCSA.[54] Koniag is the ANCSA regional corporation for Kodiak Island.[55] Any land owned by either the Native Village of Karluk or Koniag is not "dependent Indian

---

[49] *Id.* at 754.

[50] *State v. Native Village of Tanana,* 239 P.3d 734, 743 (Alaska 2011) (citing *John v. Baker*, 982 P. 2d at 754).

[51] 522 U.S. 520.

[52] 75 Fed. Reg. 60810, 60814 (Oct. 1, 2010).

[53] 43 U.S.C. § 1601.

[54] Mem. in Supp. of Mot. for TRO and Prelim. Inj. at 2. (Docket 6).

[55] *Id.*

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 11 of 16

communities" or "Indian country" under federal law.[56] And it is undisputed that Koniag and Mr. O'Connell are not members of the Native Village of Karluk.

Because Koniag and Mr. O'Connell are non-members of the Native Village of Karluk, there is no basis for the Karluk Tribal Court to exercise jurisdiction over them. The Karluk Tribal Court cannot exercise territorial jurisdiction in light of the United States Supreme Court's holding in *Venetie.* And these tribal court claims against non-members of the tribe are not internal domestic matters as to which the Native Village of Karluk may possess an inherent sovereign jurisdiction to adjudicate. The plaintiffs have demonstrated a clear likelihood of success on the merits of their claim for declaratory relief before this court.

## IV. Analysis of the Other Elements for Injunctive Relief.

As set forth above, a party seeking preliminary injunctive relief must establish three other elements in addition to a likelihood of success on the merits.[57] Each of these is discussed in turn below.

### A. The Plaintiffs Are Likely to Suffer Irreparable Harm if the Tribal Court Action Proceeds.

The plaintiffs have asserted that requiring them to litigate in tribal court in these circumstances would result in irreparable harm to them. They assert that if the tribal court proceedings go forward, they will incur the costs of litigating in that forum and they will also be exposed to the risk of an adverse judgment entered by that court. They note

---

[56] *Venetie*, 522 U.S. at 523-24.

[57] *Supra* at 7-8.

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 12 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 12 of 16

that the Native Village of Karluk seeks a tribal court order which it intends to register in the federal District Court under the "Uniform Foreign Judgments Act."[58]

This court concurs with the plaintiffs that the likelihood of irreparable harm has been demonstrated. The plaintiffs have shown that there is a significant risk that both Koniag and Mr. O'Connell, together with their counsel, will be forced to expend unnecessary time, money and effort litigating these issues in the Karluk Tribal Court. Indeed, the plaintiffs have already been required to expend considerable time and resources in tribal court and before this court seeking to terminate the tribal court actions against them.[59] And in addition to these economic harms, the plaintiffs have demonstrated that a very real risk of registration of an adverse judgment from a court that is without jurisdiction to enter such a judgment is likely to result in an unwarranted and irreparable harm to both Koniag's and Mr. O'Connell's reputation.[60]

### B.  The Balance of Equities Tips to the Plaintiffs.

The balance of equities tips sharply in favor of both Koniag and Mr. O'Connell. These plaintiffs are entitled to an order that precludes the defendants from proceeding against them in a court which so clearly lacks jurisdiction over them. And as the

---

[58] Proposed Declaratory Judgment at 2 in *Native Village of Karluk v. Koniag*, Karluk Tribal Court Cause No. 3-19-12-1, Ex. A-1 to Decl. of John Evans (Docket 9-1 at 6).

[59] *Cf. Crowe & Dudley, P.C. v. Stidham*, 640 F.3d 1140, 1157 (10th Cir. 2011) (affirming preliminary injunctive relief to law firm that was sued in tribal court regarding attorney's fees).

[60] Specifically with respect to Mr. O'Connell, the likely injury to reputation of an adverse judgment by the tribal court could be significant. Judge Mullins appears to have already entered a tribal court order in Cause No. 3-19-12-1, before Mr. O'Connell had an opportunity to be heard, finding that "Mr. P. O'Connell has threatened the judge of this court and as such has committed Judicial intimidation." Order Assigning Counsel dated Apr. 9, 2012, Ex. A to Decl. of John Evans (Docket 20-1).

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 13 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 13 of 16

plaintiffs correctly note, granting the preliminary injunctive relief that the plaintiffs seek here would not preclude the Native Village of Karluk from seeking to have its claims addressed in state or federal court.[61] But, as Koniag asserts and this court has concluded, "the applicable law leaves no doubt that the Tribal Court is not the proper forum for resolution of the issue[s] raised by the Native Village of Karluk in the Tribal Court proceeding."[62] Thus, this court finds that the balance of equities tips sharply in favor of Koniag and Mr. O'Connell.

### C. Preliminary Injunctive Relief is in the Public Interest.

For the same reasons that this court has found the balance of equities tips sharply in favor of the plaintiffs in this case, preliminary injunctive relief is in the public interest. There is a strong public interest in not allowing court proceedings to go forward in a tribunal that is clearly without jurisdiction over the proceedings.

## V. Judge Mullins' Motion for Enlargement of Time.

Judge Mullins' Motion for Enlargement of Time is, in effect, a request that this court abstain from proceeding with this action in order "to give the Native Village of Karluk Tribal Court time to act on this matter."[63] The plaintiffs acknowledge that as a general rule, a federal court should defer its exercise of jurisdiction until after a tribal court "has had a full opportunity to determine its own jurisdiction."[64] But the plaintiffs

---

[61] Mem. in Supp. of Mot. for TRO and Prelim. Inj. at 21 (Docket 6).

[62] *Id.*

[63] Opp. Re Second Mot. for Prelim. Inj. and Mot. for Enlargement of Time at 2 (Docket 23).

[64] Mem. in Supp. of Mot. for TRO and Prelim. Inj. at 18 (Docket 6) (citing *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 n.21 (1985)). *See also Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1987).

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 14 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 14 of 16

maintain that such abstention is unwarranted here because it is plain that the Karluk Tribal Court lacks jurisdiction, and the United States Supreme Court has held that abstention is not required in such circumstances.[65] Because the Karluk Tribal Court's lack of jurisdiction is clear, according to the tribal court an opportunity to determine the scope of its jurisdiction over this matter "would serve no purpose other than delay."[66] Therefore, abstention is inappropriate and the motion for an enlargement of time so as to allow the tribal court to first address this jurisdictional issue is denied.

VI.   **Mr. Kanam's Motion to Dismiss.**

For the foregoing reasons, this court has determined that preliminary injunctive relief is warranted.  Accordingly, Mr. Kanam's motion to dismiss this action is denied.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED:

1.   Koniag, Inc. and Michael P. O'Connell's Motions for Injunctive Relief are GRANTED as follows:

Defendants Kurt Kaman and Orbie Mullins, and their officers, agents, servants, employees and attorneys, and all other persons who are in active concert or participation with them, are enjoined from:

- retaining, exercising, or threatening to retain or exercise jurisdiction, or
- attempting or threatening to record or enforce any order or judgment of

---

[65] *Strate v. A-1 Contractors*, 520 U.S. 438, 459 n.14 (1997); Mem. in Supp. of Mot. for TRO and Prelim. Inj. at 18. (Docket 6).

[66] *Strate,* 520 U.S. 459 at n.14.

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 15 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 15 of 16

the Karluk Tribal Court for the Native Village of Karluk against or with respect to Koniag, Inc. or Michael P. O'Connell as to any matters related to the Karluk Tribal Court Documents.[67]

2. Pursuant to Civil Rule 65(c), this restraining order is effective as of the date and time that the plaintiffs shall have placed with the clerk of the court a cash bond or other appropriately secured undertaking in the amount of $1,000 (One Thousand Dollars), which this court considers proper to pay costs and damages sustained by any party found to have been wrongfully enjoined or restrained. It shall remain in effect pending further order of this court.

3. Defendant Orbie Mullins' Motion for an Enlargement of Time is DENIED.

4. Defendant Kurt Kanam's Motion for Dismissal is DENIED.

5. The defendants are each ordered to file an Answer to the plaintiffs' First Amended Complaint within 21 days of the date of this order.

DATED at Anchorage, Alaska, this 3rd day of July, 2012.

/s/ Sharon L. Gleason
United States District Judge

---

[67] The Karluk Tribal Court Documents are comprised of an Original Complaint for Declaratory Judgment, Order to Show Cause, Proposed Declaratory Judgment or Summons in those certain Karluk Tribal Court cases captioned (1) *The Native Village of Karluk, Plaintiff, against Koniag Corporation, Defendant*, Cause No. 3-19-12-1 and (2) *The Native Village of Karluk v. Michael P. O'Connell et al.*, Cause No. 4-09-12-1.

3:12-cv-00077-SLG, *Koniag, Inc, et al. v. Kanam, et al.*
Decision and Order Granting Preliminary Injunction
Page 16 of 16

Case 3:12-cv-00077-SLG   Document 31   Filed 07/03/12   Page 16 of 16